**UNITED STATES COURT OF APPEALS**

**May 19, 2016**

**TENTH CIRCUIT**

STEPHEN BRETT RYALS,

     Plaintiff - Appellee,

v.

CITY OF ENGLEWOOD,

     Defendant - Appellant.

------------------

COLORADO MUNICIPAL LEAGUE;
ASSOCIATION FOR THE
TREATMENT OF SEXUAL ABUSERS;
COLORADO COALITION AGAINST
SEXUAL ASSAULT,

     Amici Curiae.

No. 13-1369

(D.C. No. 1:12-CV-02178-RBJ)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, HOLMES** and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

Stephen Brett Ryals is a convicted sex offender who, prior to July 6, 2015, was required to register his residency under the Colorado Sex Offender Registration Act. C.R.S. §§ 16-22-101 to -115.  During that time, he purchased a home in Englewood, Colorado.  When he registered his new residence, he was cited for violating City of Englewood Ordinance 34, which makes it unlawful for

> i. Any person who has been found to be a sexually violent predator pursuant to 18-3-414.5 C.R.S.; or
>
> ii. Any person required to register under the Colorado Sex Offender Registration Act, C.R.S. Section 16-22-101, et. seq. who has been:
>
> > a. Convicted of a felony for an offense requiring registration; or
> >
> > b. Has multiple convictions for offenses requiring registration; or
> >
> > c. Whose offense(s) requiring registration involved multiple victims
>
> to establish a permanent residence or temporary residence within two thousand feet (2,000') of any school, park, or playground or within one thousand feet (1,000') of any licensed day care center, recreation center or swimming pool (other than pools located at private, single-family residences), or any property located adjacent to any designated public or private school bus stop, walk-to-school route, or recreational trail.

Englewood, Colo., Code of Ordinances § 7-3-3(A).

Ryals initiated this 42 U.S.C. § 1983 action challenging Ordinance 34, arguing in

part that it was preempted by Colorado law.[1]  The district court agreed with Ryals and granted summary judgment in his favor, declining to address Ryals's remaining challenges (whether the ordinance violates the due process and ex post facto provisions of the United States and/or Colorado constitutions).  The City appealed and we certified the question of preemption to the Colorado Supreme Court.  While the certified question was pending, Ryals became eligible to petition to discontinue registration.  He did so, and his request was granted on April 6, 2015.  On January 25, 2016, the Colorado Supreme Court answered our certified question, concluding that "although sex offender residency is a matter of mixed state and local concern, there is no conflict between state law and Englewood's Ordinance 34."  Ryals v. Englewood, 364 P.3d 900, 909 (Colo. 2016).  Shortly thereafter, the City informed Ryals that it would not seek to prosecute Ryals for past violations of Ordinance 34.

The parties agree that the case is now moot, but disagree on how we should dispose of it.  The City asks us to reverse the district court's grant of summary judgment; Ryals asks us to vacate it.  In support of their respective arguments, the parties dispute whether Ryals's successful petition to discontinue his required registration was itself sufficient to moot this case or whether it became moot only after the City agreed not to prosecute Ryals for past violations of Ordinance 34.  We are inclined to believe that Ryals's petition was sufficient because the complaint in *this* civil action seeks prospective

---

[1]  The criminal prosecution of Ryals's violation was initially stayed pending resolution of this case, but has since been dismissed without prejudice.

3

relief only and therefore does not encompass criminal prosecution for past violations.  See

Compl. at 2, 12 (describing the criminal charge, but seeking only relief from *further*

enforcement of the residency requirement).  We need not decide that issue, however,

because Ryals's petitioning to discontinue registration—even if sufficient to moot this

case—is not the type of action that raises concerns over who caused the case to become

moot.  Cf.  U.S. Bancorp Mort. Co. v. Bonner Mall P'ship, 513 U.S. 18, 25 (1994)

(expressing concern over party's action that not only caused mootness, but also forfeited

that party's rights to appeal); McClendon v. City of Albuquerque, 100 F.3d 863, 868

(10th Cir. 1996) (expressing concern over party actions that cause mootness *and*

"manipulate[] the judicial process by deliberately aborting appellate review to avoid a

decision on the issues").

In choosing how to dispose of moot cases, we must strive to select "the manner

'most consonant to justice' . . . in view of the nature and character of the conditions which

have caused the case to become moot."  Bancorp, 513 U.S. at 24 (alteration in original)

(quoting United States v. Hamburg–Amerikanische Packetfahrt–Actien Gesellschaft, 239

U.S. 466, 478 (1916)).  Based on the facts of this case, we conclude that the resolution

"most consonant to justice" is for us to DISMISS the appeal on mootness grounds, and to

REMAND the case to the district court with instructions to vacate.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

4